# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| THE BOARD OF COMMISSIONERS OF ) | |
| THE COUNTY OF LAGRANGE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:15-CV-57 |
| ) | |
| LPS REAL ESTATE DATA SOLUTIONS, ) | |
| INC., n/k/a BLACK KNIGHT REAL ) | |
| ESTATE DATA SOLUTIONS, LLC, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

This case was filed in this Court on February 24, 2015, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The complaint alleges that Plaintiff is a political subdivision organized and existing under the laws of the State of Indiana,[1] and that "Defendant LPS is a company organized under the laws of the state of California, with its corporate offices located in the state of Florida . . .." (Compl. ¶¶ 12.)

Plaintiff's jurisdictional allegations with respect to Defendant, however, are inadequate. As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

Plaintiff must definitively state whether Defendant is a limited liability company. For purposes of establishing diversity jurisdiction, a limited liability company's citizenship is

---

[1] "It is well settled that for purposes of diversity of citizenship, political subdivisions are citizens of their respective States." *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 424 (7th Cir. 2010) (quoting *Illinois v. City of Milwaukee*, 406 U.S. 91, 97 (1972)).

different than that of a corporation. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990); *see* 28 U.S.C. § 1332(c)(1). Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Therefore, if Defendant is a limited liability company as its name reflects, the Court must be advised of the citizenship of all its members to ensure that none of the members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, Plaintiff is ORDERED to file on or before April 9, 2015, an amended complaint that properly recites Defendant's citizenship, tracing it through all applicable layers of ownership.

SO ORDERED.

Enter for this 26th day of March 2015.

/s Susan Collins
Susan Collins,
United States Magistrate Judge